## JOSIAH B. FRENCH *versus* WILLIAM W. FULLER.

The lessor at will of real estate, cannot maintain an action against a third person for
entering thereon, demanding rent of the lessee, and leasing the land to him, no actual
damage being done thereby to the reversion.

*It seems*, that since the enactment of Revised Stat. *c.* 60, § 26, requiring that three
months' notice shall be given in order to determine a lease at will, the lessor's rem-
edy for an injury to his reversionary interest by a stranger, during the existence of
the lease, must be by an action on the case, and not by an action of trespass *quare
clausum.*

TRESPASS for breaking and entering the plaintiff's close 'n
Lowell.   The action was commenced on the 28th of May,
1838.

The parties stated a case.

The plaintiff, to support his title to the premises, produced in evidence a lease thereof, dated April 16th, 1827, from Thomas Hurd to Jonathan Morse, for the term of ten years from the 1st of April, 1827, in which it was agreed, that the improvements that had been or might thereafter be made by Morse or his assigns, by additions to the buildings or otherwise, should, at the expiration of ten years, be appraised, and that Hurd should either pay Morse or his assigns the appraised value thereof or grant a further lease for such term as Morse or his assigns should then request. The plaintiff also produced an assignment to the plaintiff by Morse, of all his right, title and interest in the lease, which assignment was dated the 12th of May, 1837, but the plaintiff had no knowledge of it until the 20th of December, 1837.

It was admitted by the defendant, that Hurd had assigned his interest in the premises to the Middlesex Manufacturing Company ; and the plaintiff produced a writing purporting to be a lease from that company, dated April 1st, 1838, extending Morse's term to the plaintiff or his assigns, for three years.

It appeared that Morse had enlarged the buildings, which were on the land at the time of the lease to him by Hurd, and had erected some additions entirely new.

Morse testified that the plaintiff was frequently on the premises, asserting title in himself and claiming a right to take the rents ; that all the tenements on the land were let and occupied by under-tenants, as he believed ; that the defendant was on the premises between the 1st and the 28th of May, 1838, exercising acts of ownership and endeavouring to let the stores ; and that he succeeded in letting some of them.

Hiram Hersey testified, that he occupied one of the tenements in question, and that on the 1st of May the defendant came into the tenement and demanded rent of him.

In defence it was proved, that the defendant, on the 23d of May, 1837, sued out two writs against Morse, and on the 29th, attached all his interest in the land and buildings, and afterwards, having recovered judgment, levied his executions on the same, and purchased the same at the execution sale, in January 1838.

French
*v.*
Fuller.

*Oct. 17th.*

*Oct. 18th.*

If the Court should be of opinion, that the plaintiff coul'd maintain his action, the defendant was to be defaulted ; otherwise, the plaintiff was to become nonsuit.

*L. Williams*, for the plaintiff.

*H. H. Fuller* and *E. Fuller*, for the defendant, cited 3 Stark. Evid. 1436 ; Woodfall on Landlord and Tenant, 837 ; *Campbell* v. *Arnold*, 1 Johns. R. 511 ; *Taylor* v. *Townsend*, 8 Mass. R. 411.

WILDE J. delivered the opinion of the Court. It was testified by one of the witnesses, that the tenements, for the entering of which the defendant is charged as a trespasser, were, at the time, occupied by under-tenants ; and the fact we understand is admitted ; and if so, it seems quite clear, that this action cannot be maintained. To maintain an action of trespass *quare clausum* for an injury done to real property, the plaintiff must prove, that he has the actual possession of the property ; for, though the freehold of the land may be in him, he cannot maintain the action, if the land, at the time of the trespass, was in the lawful possession of another. It is not denied that this is the general rule, but it has been argued, that when land is in the possession of a tenant at will, the rule is not applicable, as the possession of a tenant at will is the possession of his landlord ; and the case of *Starr* v. *Jackson*, 11 Mass. R. 519, is relied on in support of this position. But it is very clear, that the decision in that case is no authority in support of the present action. It was decided in that case, that trespass *quare clausum fregit* lies for the owner of land in the possession of his tenant at will, where the injury affects the permanent value of the property, as the cutting down of trees, destruction of buildings, and like acts. There could be no doubt, that for such an injury the owner of the land would be entitled to a remedy ; the perplexing doubt in that case, was as to the form of the action, whether it should be trespass or trespass on the case. In the case under consideration, no such question can be raised ; for upon the facts argued no injury has been done to the freehold, and the plaintiff is not entitled to an action in any form. All that appears by the statement of facts, is, that the defendant had been on the premises at sundry times, exercising acts of ownership,

such as demanding rent and letting some of the tenements to the tenants in possession. It does not even appear, that the entry was tortious, so that the tenants could support an action of trespass. But however this may be, no actual damage was done to any one ; and, most certainly, the plaintiff cannot maintain an action for the mere disturbance of the possession. In the case of *Little* v. *Palister*, 3 Greenleaf, 6, the defendant entered upon land in the possession of a tenant at will, and threw down a fence erected by the tenant for his own convenience ; and it was held, that the landlord could not maintain trespass, or any other action, for the wrong, the injury being wholly to the rights of the tenant. We think the decision in that case is unquestionably correct, and, consequently, that this action cannot be maintained.

I think it proper to add, to prevent misapprehension, that it must not be inferred, that the judgment of the Court would be different, if this case had been in all respects similar to that of *Starr* v. *Jackson.* Since the decision of that case, the law in respect to the rights of tenants at will has been materially changed. By the Revised Stat. *c.* 60, § 26, it is enacted, "that all estates at will may be determined by either party, by three months' notice in writing, for that purpose, given to the other party." A similar provision was contained in a previous statute.

Since this change of the law regulating the manner of terminating estates at will, the possession of a tenant at will before notice, and for three months after, can in no sense be held to be the possession of the landlord. The tenant has not only the possession, but also the right of possession, and, in this respect, he stands on the same footing as a tenant for a term certain. The landlord's remedy, therefore, for an injury to his freehold or reversionary interest by a stranger, is by an action on the case and not by an action of trespass *quare clausum fregit.*

*Plaintiff nonsuit.*